[Cite as *Felder v. Trumbull Correctional Inst.*, 2009-Ohio-7179.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARION FELDER

     Plaintiff

     v.

TRUMBULL CORRECTIONAL INSTITUTION

     Defendant

     Case No. 2009-06711-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶ 1} 1) On April 22, 2009, plaintiff, Marion Felder, an inmate incarcerated at defendant, Trumbull Correctional Institution (TCI), was placed in a segregation unit and his personal property was packed by TCI staff. Plaintiff related he possessed approximately sixty-five photographs at the time he was placed in segregation with forty-five photographs forwarded to the TCI property vault for storage and the remaining twenty photographs were sent with him to the segregation unit. Plaintiff further related that when he received his property in the segregation unit he discovered seventeen photographs were missing.

{¶ 2} 2) Plaintiff has alleged his photographs were lost or stolen while under defendant's control. Consequently, plaintiff filed this complaint seeking to recover $51.00, the stated value of the seventeen alleged missing photographs. Payment of the filing fee was waived.

{¶ 3} 3) Defendant explained inmates who are assigned to a segregation unit are permitted to possess three photographs. Plaintiff acknowledged he received

three photographs while assigned to the TCI segregation unit. Defendant denied seventeen photographs owned by plaintiff were lost or stolen while under the control of TCI staff. Defendant contended plaintiff failed to offer sufficient evidence to prove his seventeen photographs were lost or stolen while in defendant's custody. Neither defendant nor plaintiff submitted a copy of any property record reflecting property plaintiff possessed on or about April 22, 2009.

CONCLUSIONS OF LAW

{¶ 4} 1) Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 5} 2) This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 6} 3) Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 7} 4) Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 8} 5) Plaintiff's failure to prove delivery of certain photographs to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

{¶ 9} 6) Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish that defendant actually assumed control over the property. *Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751; 2005-Ohio-4455; obj. overruled, 2005-Ohio-5068.

{¶ 10} 7) In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, as to any

essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 11} 8)    Plaintiff has failed, to prove, by a preponderance of the evidence, any of his property items were lost, discarded, or stolen as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARION FELDER

    Plaintiff

    v.

TRUMBULL CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2009-06711-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Marion Felder, #536-542                  Gregory C. Trout, Chief Counsel
5701 Burnett Road                        Department of Rehabilitation
Leavittsburg, Ohio  44430-0901           and Correction
                                         770 West Broad Street
                                         Columbus, Ohio  43222

RDK/laa
10/29
Filed 12/2/09
Sent to S.C. reporter 3/18/10